UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LUIS OLAGE,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, Secretary at Department of Corrections in individual and official capacity; ALEX REYES, Warden at Mike Durfee State Prison in individual and official capacity; DEB EILERS, Unit Captain at Mike Durfee State Prison in individual and official capacity; TAMMY DOYLE, Corrections Specialist at Mike Durfee State Prison in individual and official capacity; CORY NELSON, Behavioral Health Coordinator at Mike Durfee State Prison in individual and official capacity; JOE CARDA, Mental Health Counselor at Mike Durfee State Prison, in individual and official capacity; JEFFREY NIXON, Associate Warden at Mike Durfee State Prison in individual and official capacity; C.O. MEYERS, Correctional officer at Mike Durfee State Prison in individual and official capacity; CORPORAL FUNK, Corporal at Mike Durfee State Prison in individual and official capacity; AMBER PIRRAGLIA, Director of Prisons at South Dakota Department of Corrections in individual and official capacity; and DAN SASTAK, Unit Captain at Mike Durfee State Prison in individual and official capacity,<br><br>Defendants. | 4:24-CV-04135-RAL<br><br>OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO STRIKE, DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND DENYING PLAINTIFF'S MOTION FOR DISCOVERY |

Plaintiff Luis Olage, an inmate at Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. The Court granted Olage's motion for leave to proceed in forma pauperis and screened Olage's amended complaint, Doc. 15, in accordance with 28 U.S.C.

§ 1915A. Doc. 21. After screening, the Court dismissed in part and directed service in part of Olage's amended complaint. Id. at 41–45. Defendants answered Olage's amended complaint. Doc. 33. Olage filed response to Defendants' answer, but he did not seek leave of court before doing so. Doc. 37. Defendants move to strike Olage's response to their answer. Doc. 39. Olage moves for appointment of counsel and for discovery. Docs. 43, 46.

I. **Defendants' Motion to Strike Olage's Response** (Doc. 39)

Defendants move to strike Olage's response to Defendants' answer, Doc. 37, because the Federal Rules of Civil Procedure do not permit a reply to an answer unless ordered by the court. Doc. 39. This Court did not order Olage to file a reply to Defendants' answer. Defendants are correct that the Federal Rules of Civil Procedure do not permit Olage to file a reply to their answer, but Olage's response does not contain any impertinent or scandalous matter. See Doc. 37. Rather, the reply merely restates allegations and arguments that are already part of the record before this Court or previews the arguments this Court anticipates Olage will raise in opposition to a motion for summary judgment if Defendants elect to file such a motion. Accordingly, it is more appropriate to disregard rather than to strike Olage's response. Defendants' motion to strike, Doc. 39, is granted in part, and this Court will disregard Olage's response to Defendants' answer, Doc. 37, because neither the Federal Rules of Civil Procedure nor the District of South Dakota's Local Civil Rules permit Olage to file a response without leave of court.

II. **Olage's Motion for Appointment of Counsel** (Doc. 43)

The Court previously denied Olage's motion for appointment of counsel, Doc. 12, because his claims are not legally nor factually complex and because his filing to date have clearly and adequately presented his claims to the Court. Doc. 21 at 32–33. The Court acknowledged that the situation may change as litigation progresses and acknowledged that the Court will "continue to

be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." Id. at 21 (quoting Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993)). Olage's second motion for appointment of counsel, supporting affidavit, and supporting brief, Docs. 43, 44, and 45, do not demonstrate any changes that warrant appointment of counsel at this stage of the litigation.

Although Olage summarily alleges that he cannot investigate the facts of the case by deposing and interviewing witnesses, see Doc. 43 ¶ 4, Olage does not explain why he cannot investigate the facts of this case by serving written discovery requests or conducting depositions by written questions as set forth in this Court's Rule 16 Scheduling Order. See Doc. 36. Olage alleges that he "suffers from multiple mental health issues," but he provides no verifying medical evidence or other documentation demonstrating that a mental health condition precludes him from presenting his claims to this Court. Id. ¶ 6. Finally, Olage contends that he "is unable to review policy not accessible to inmates." Id. ¶ 11. But the record does not demonstrate that Olage has requested any policy or any other document that is relevant to his pending claims that Defendants have refused to provide because such items are not accessible to inmates. Accordingly, at this stage of the proceedings and based on the record before this Court, Olage's second motion for appointment of counsel, Doc. 43, is denied for the same reasons Olage's first motion for appointment of counsel, Doc. 12, was denied. Swackhamer v. Scott, No. 07-2658, 2008 WL 1969670, at *1 (8th Cir. May 8, 2008) (per curiam) (stating that a court is entitled to rely on its previous rulings the appointment of counsel when there is an "absence of any reason to revisit or modify it.").

### III. Olage's Motion for Discovery (Doc. 46)

In his motion for discovery, Olage requests that this Court order the "States Attorney and/or (The South Dakota State Penitentiary to provide to the Plaintiff" information and documents. Doc. 46. A party may serve interrogatories and requests for production on another party without obtaining leave of court. See Fed. R. Civ. P. 33, 34. Federal Rule of Civil Procedure 37 permits the court to enter an order compelling a party to respond to written discovery requests, but only in cases in which the party has refused to comply and the parties have been unable to resolve the discovery dispute without court intervention. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Because it does not appear that Olage served written discovery prior to seeking a court order, an order under Rule 37 compelling Defendants to produce the information and documents identified in Olage's motion for discovery is not appropriate.

But pro se pleadings must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). It is appropriate to construe Olage's motion for discovery, Doc. 46, as interrogatories and requests for production directed to Defendants.[1] Defendants must respond, in accordance with Rules 33 and 34, within 30 days of the date of this Order to the discovery requests set forth in Olage's motion for discovery.

### IV. Conclusion

Accordingly, it is

ORDERED that Defendants' motion to strike, Doc. 39, is granted in part, and this Court will disregard Olage's response to Defendants' answer, Doc. 37, because neither the Federal Rules

---

[1] At this stage of the proceedings, this Court need not consider whether any of the discovery requests are beyond the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1) or otherwise objectionable.

4

of Civil Procedure nor the District of South Dakota's Local Civil Rules permit Olage to file a response without leave of court. It is further

ORDERED that Olage's second motion for appointment of counsel, Doc. 43, is denied. It is finally

ORDERED that Olage's motion for discovery, Doc. 46, is denied but Defendants must respond, in accordance with Rules 33 and 34, within 30 days of the date of this Order to the discovery requests set forth in Olage's motion for discovery.

DATED October 20th, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE