UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LUIS OLAGE,<br><br>    Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, Secretary at Department of Corrections in individual and official capacity; ALEX REYES, Warden at Mike Durfee State Prison in individual and official capacity; DEB EILERS, Unit Captain at Mike Durfee State Prison in individual and official capacity; TAMMY DOYLE, Corrections Specialist at Mike Durfee State Prison in individual and official capacity; CORY NELSON, Behavioral Health Coordinator at Mike Durfee State Prison in individual and official capacity; JOE CARDA, Mental Health Counselor at Mike Durfee State Prison, in individual and official capacity; JEFFREY NIXON, Associate Warden at Mike Durfee State Prison in individual and official capacity; C.O. MEYERS, Correctional officer at Mike Durfee State Prison in individual and official capacity; CORPORAL FUNK, Corporal at Mike Durfee State Prison in individual and official capacity; AMBER PIRRAGLIA, Director of Prisons at South Dakota Department of Corrections in individual and official capacity; and DAN SASTAK, Unit Captain at Mike Durfee State Prison in individual and official capacity,<br><br>    Defendants. | 4:24-CV-04135-RAL<br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND THE TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff Luis Olage, an inmate at Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. The Court granted Olage's motion for leave to proceed in forma pauperis and screened Olage's amended complaint, Doc. 15, in accordance with 28 U.S.C.

§ 1915A. Doc. 21. After screening, the Court dismissed in part and directed service in part of Olage's amended complaint. Id. at 41–45. Defendants answered Olage's amended complaint. Doc. 33. After Defendants answered, this Court entered a Rule 16 Scheduling Order providing that all discovery must be commenced in time to be completed by December 1, 2025, and all dispositive motions must be filed on or before January 15, 2026. Doc. 36 ¶¶ 3, 4.

Defendants filed a motion for summary judgment. Doc. 52. Olage filed an "objection" to Defendants' motion for summary judgment on the grounds that Defendants did not respond to discovery requests Olage served on November 26, 2025, and December 2, 2025. Doc. 57. Because of Defendants' alleged failure to participate in the discovery process, Olage moves to strike Defendants' motion for summary judgment. Id. ¶ 7. Defendants contend that Olage's discovery requests were untimely and that they, therefore, properly declined to respond.[1] Doc. 58 at 2–5. Thus, Defendants oppose Olage's motion to strike their motion for summary judgment. Id. at 5–6. Olage has now sent a letter to the Court renewing his motion to strike Defendants' motion for summary judgment because they did not participate in the discovery process or, in the alternative, requesting a 90-day extension of time to respond to Defendants' motion for summary judgment. Doc. 59. Olage again requests that the Court appoint counsel to "help [him] Not lose [his] valid claim and For settlement purposes." Id. (capitalization in original).

I.  **Olage's Motion to Strike Defendants' Motion for Summary Judgment**

This Court agrees that Olage's discovery requests were untimely and that Defendants were not required to respond to them. Defendants should have notified Olage that they were not responding to his discovery requests because they were not timely.

---

[1] The record does not reveal whether Defendants informed Olage that they were declining to respond to his discovery requests because they were untimely.

Federal Rule of Civil Procedure 56(d) provides that when a nonmovant shows by affidavit or declaration and for specified reasons that he is unable to present facts essential to justify opposition to a motion for summary judgment, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Olage's motion to strike, Doc. 57, could be liberally construed as a Rule 56(d) motion to defer ruling on Defendants' motion for summary judgment to permit Olage to conduct discovery. But Olage offers no reason that he could not have timely served the discovery requests identified in his motion to strike or, alternatively, moved to extend the discovery deadline. Olage also does not explain how responses to his discovery requests would have presented essential facts necessary to oppose Defendants' motion for summary judgment. Thus, Olage has not satisfied the requirements of Rule 56(d). "Rule 56(d) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of unlawful conduct." Johnson v. Moody, 903 F.3d 766, 772 (8th Cir. 2018) (internal quotation omitted). "It is not enough for a party to set forth some facts [he] hope[s] to elicit from further discovery." Anzaldua v. Ne. Ambulance & Fire Prot. Dist., 793 F.3d 822, 836–37 (8th Cir. 2015) (second alteration in original) (citation omitted). For these reasons, Olage's motion to strike Defendants' motion for summary judgment, Doc. 57, is denied.

II. **Olage's Motion to Extend the Time to Respond to Defendants' Motion for Summary Judgment**

In accordance with D.S.D. Civ. LR 7.1(B), as well as this Court's Rule 16 Scheduling Order, Doc. 36 ¶ 4, Olage's response to Defendants' motion for summary judgment was due on February 5, 2026. Although Olage did not timely respond to Defendants' motion for summary judgment, the Court finds good cause as well as excusable neglect to consider Olage's motion to extend now that the Court has denied his motion to strike  Olage's motion to extend the time to

respond to Defendants' motion for summary judgment, Doc. 59, is granted in part and denied in part. Olage must respond to Defendants' motion for summary judgment on or before **April 8, 2026**. When Olage responds to Defendants' motion for summary judgment, he should also respond to Defendants' statement of undisputed material facts, Doc. 54. Olage's response to Defendants' statement of undisputed material facts must comply with D.S.D. Civ. LR 56.1, a copy of which is attached to this Order.[2]

This Court has previously denied Olage's motions for appointment of counsel. Doc. 21 at 32–33; Doc. 48 at 2–3. Olage's renewed request for appointment of counsel, Doc. 59, does not identify any changes that warrant appointment of counsel at this stage of the litigation. This Court is extending Olage's time to respond to Defendants' motion for summary judgment and is providing to Olage a copy of the relevant Local Rule outlining how the procedure to properly respond to Defendants' statement of undisputed material facts. Swackhamer v. Scott, No. 07-2658, 2008 WL 1969670, at *1 (8th Cir. May 8, 2008) (per curiam) (stating that a court is entitled to rely on its previous rulings the appointment of counsel when there is an "absence of any reason to revisit or modify it."). Olage's renewed request for appointment of counsel, Doc. 59, is denied.

Accordingly, it is

ORDERED that Olage's motion to strike Defendants' motion for summary judgment, Doc. 57, is denied. It is further

---

[2] When Olage requested an extension of time to respond to Defendants' motion for summary judgment, he filed a "Motion to Oppose Defendants['] Summary Judgment." Doc. 61 (capitalization in original omitted). This filing does not moot Olage's motion to extend his time to respond to Defendants' motion for summary judgment. Instead of responding to each numbered paragraph in Defendants' statement of undisputed material facts, Olage explained in six numbered paragraphs why Defendants are not entitled to summary judgment on each of his claims. See generally Doc. 61. To properly respond to Defendants' motion for summary judgment, Olage must comply with D.S.D. Civ. LR 56.1.

ORDERED that Olage's motion to extend the time to respond to Defendants' motion for summary judgment, Doc. 59, is granted in part and denied in part. Olage must respond to Defendants' motion for summary judgment as well as Defendants' statement of undisputed material facts on or before **April 8, 2026**. Olage's response to Defendants' statement of undisputed material facts must comply with D.S.D. Civ. LR 56.1. Defendants may file a reply brief in support of their motion for summary judgment on or before **April 22, 2026**. It is further

ORDERED that Olage's third request for appointment of counsel, Doc. 59, is denied. It is finally

ORDERED that the Clerk of Court will provide to Olage a copy of D.S.D. Civ. LR 56.1 along with this Order.

DATED March 9th, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE