UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LUIS OLAGE, | 4:24-CV-04135-RAL |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION TO ALLOW PLAINTIFF'S DISCOVERY REQUESTS (DOC. 65) |
| KELLIE WASKO, Secretary at Department of Corrections in individual and official capacity; ALEX REYES, Warden at Mike Durfee State Prison in individual and official capacity; DEB EILERS, Unit Captain at Mike Durfee State Prison in individual and official capacity; TAMMY DOYLE, Corrections Specialist at Mike Durfee State Prison in individual and official capacity; CORY NELSON, Behavioral Health Coordinator at Mike Durfee State Prison in individual and official capacity; JOE CARDA, Mental Health Counselor at Mike Durfee State Prison, in individual and official capacity; JEFFREY NIXON, Associate Warden at Mike Durfee State Prison in individual and official capacity; C.O. MEYERS, Correctional officer at Mike Durfee State Prison in individual and official capacity; CORPORAL FUNK, Corporal at Mike Durfee State Prison in individual and official capacity; AMBER PIRRAGLIA, Director of Prisons at South Dakota Department of Corrections in individual and official capacity; and DAN SASTAK, Unit Captain at Mike Durfee State Prison in individual and official capacity, | |
| Defendants. | |

Plaintiff Luis Olage, an inmate at Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. The Court granted Olage's motion for leave to proceed in forma pauperis and screened Olage's amended complaint, Doc. 15, in accordance with 28 U.S.C.

§ 1915A. Doc. 21. After screening, the Court dismissed in part and directed service in part of Olage's amended complaint. Id. at 41–45. Defendants answered Olage's amended complaint. Doc. 33. After Defendants answered, this Court entered a Rule 16 Scheduling Order providing that all discovery must be commenced in time to be completed by December 1, 2025, and all dispositive motions must be filed on or before January 15, 2026. Doc. 36 ¶¶ 3, 4.

Defendants filed a motion for summary judgment. Doc. 52. Olage filed an "objection" to Defendants' motion for summary judgment on the grounds that Defendants did not respond to discovery requests Olage had served on November 26, 2025, and December 2, 2025. Doc. 57. Because of Defendants' alleged failure to participate in the discovery process, Olage also moved to strike Defendants' motion for summary judgment. Id. ¶ 7. By Order dated March 9, 2026, this Court denied Olage's motion to strike defendants' motion for summary judgment because the discovery requests to which defendants did not respond were untimely and that Olage had not demonstrated, in accordance with Rule 56(d), how responses to his discovery requests would have presented essential facts necessary to oppose Defendants' motion for summary judgment. Doc. 62.

Although Olage did not timely respond to Defendants' motion for summary judgment or move for an extension of time in which to do so, the Court extended Olage's time to respond to Defendants' motion for summary judgment until April 8, 2026 and directed that when he responds to Defendants' motion for summary judgment, he must also respond to Defendants' statement of undisputed material facts, Doc. 54. Doc. 62 at 3–4. The Court informed Olage that his response to Defendants' statement of undisputed material facts must comply with D.S.D. Civ. LR 56.1 and attached a copy of the applicable local rule to the Order. Id. at 4–5.

Olage has now filed a "Motion to Allow Plaintiff's Discovery Requests" and supporting affidavit. Docs. 65, 66. Olage sets forth several reasons that he contends he could not complete discovery before expiration of the discovery deadline. See generally id. But at this stage of the proceedings, if Olage seeks to defer ruling on Defendants' motion for summary judgment, he must comply with Federal Rule of Civil Procedure 56(d). He has not done so. According to Olage's motion, "[t]he subject matter contained in the Plaintiffs [sic] Discovery Requests are Not unreasonably cumulative, the information sought is relevant and important in establishing Facts and is beneficial to the pursuit of Justice." Doc. 65 ¶ 2. In his affidavit, Olage asserts that "[t]he reason the Defendants don't want to Answer [his] discovery Requests is because it proves alot of aspects of [his] case." Doc. 66 ¶ 11. But nowhere in his motion or supporting affidavit does Olage provide any specifics to explain how responses to his discovery requests would have presented essential facts necessary to oppose Defendants' motion for summary judgment. Olage's conclusory assertions do not satisfy the requirements of Rule 56(d). "Rule 56(d) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of unlawful conduct." Johnson v. Moody, 903 F.3d 766, 772 (8th Cir. 2018) (internal quotation omitted). "It is not enough for a party to set forth some facts [he] hope[s] to elicit from further discovery." Anzaldua v. Ne. Ambulance & Fire Prot. Dist., 793 F.3d 822, 836–37 (8th Cir. 2015) (second alteration in original) (citation omitted). For these reasons, Olage's motion to allow plaintiff's discovery requests, Doc. 65, is denied. Olage must respond to Defendants' motion for summary judgment based on the evidence that is already part of the record, any discovery responses that defendants have served, and supporting affidavits, if any, Olage may choose to submit.[1]

---

[1] Olage asserts that Defendants' counsel "tricked" him because he did not depose Olage's "3 guard witnesses[.]" Doc. 66 ¶ 7. If Olage chooses, he may submit affidavits from any witnesses, including the "3 guard witnesses," to oppose Defendants' motion for summary judgment.

The Court has already extended Olage's time to respond to Defendants' motion for summary judgment one time, but given Olage's allegations regarding mail delays, see Doc. 66 ¶ 4, the Court further extends Olage's time to respond to Defendants' motion for summary judgment until **April 20, 2026.** Olage's response will be considered timely if it is deposited in the prison's internal mail system on or before **April 20, 2026**.

Accordingly, it is

ORDERED that Olage's motion to allow Plaintiff's discovery requests, Doc. 65, is denied. It is further

ORDERED that Olage must respond to Defendants' motion for summary judgment as well as Defendants' statement of undisputed material facts on or before **April 20, 2026.** Olage's response to Defendants' statement of undisputed material facts must comply with D.S.D. Civ. LR 56.1. If Olage does not respond within the time set forth in this order, Defendants' statement of material facts, Doc. 54, will be taken as true under D.S.D. Civ. LR 56.1.B. Defendants may file a reply brief in support of their motion for summary judgment on or before **May 4, 2026**.

DATED March 24ᵗʰ, 2026.

BY THE COURT:

_____

ROBERTO A. LANGE
CHIEF JUDGE

4